UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WAI CHUI MUI and MEE NGAN MUI,

    Plaintiff,

CASE NO.

vs.

SCOTTSDALE INSURANCE COMPANY.,

    Defendant.

_____/

**NOTICE OF REMOVAL**

The Defendant, Scottsdale Insurance Company ("SIC"), pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, removes the above-captioned action from the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County, Florida, to this Court, and as grounds states:

**I.    THE STATE COURT ACTION**

1. On or about 8/28/23, the Plaintiffs, Wai Chui Mui and Mee Ngan Mui (collectively the "Plaintiffs"), filed this breach of a commercial property policy case against SIC in circuit court in the 11th Judicial Circuit in Miami-Dade County, Florida, Case No. 2023-107662-CC-21 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders filed in the State Court Action are attached hereto as Composite Exhibit "A".

2. At all material times, including at the time the case was filed and at the time of removal, the Plaintiffs have been Florida residents and citizens of Florida. *See* A, the complaint ¶ 2.

3. At all material times, including at the time the case was filed and at the time of removal, SIC has been an Ohio corporation with its principal place of business is located in

Scottsdale, Arizona. SIC is therefore a citizen of Ohio and Arizona. SIC is a surplus lines insurer which issues policies in Florida under Florida's Surplus Lines Law, Fla. Stat. §§ 626.913-626.937.

4.  On 11/8/23, SIC was served with the Plaintiffs' complaint in the State Court Action. SIC first received the Complaint when it was served with it.

5.  The complaint filed in the State Court Action seeks monetary damages in excess of $50,000. *See* the complaint ¶ 1.

6.  Prior to suing, the Plaintiffs served a Notice of Intent to Initiate Litigation ("NOI") demanding $231,709.00 in damage after the deductible and attaching an estimate totaling $368,578.90. *See* the NOI and estimate attached as Exhibit "B". Thus, the amount in dispute exceeds $75,000.00 exclusive of interest and costs.

## II.   STANDARD OF REVIEW

7.  Removal is appropriate upon a showing that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees. 28 U.S.C. § 1332.

8.  Where removal is sought on the basis of jurisdiction conferred by 28 U.S.C. §1332, the amount in controversy is the sum demanded in the initial pleading, except where the state practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446 (c)(2)(A).

9.  Where the state practice either does not permit or demand for a specific sum or permits recovery of damages in excess of the amount demanded in the initial pleading, removal is proper where the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.000, exclusive of interest and costs. 28 U.S.C. § 1446 (c)(2)(B). That is the case here based upon the Plaintiffs' NOI and estimate.

10. The notice of removal shall be filed within 30 days after the defendant receives an initial pleading. 28 U.S.C. § 1446 (b).

### III. THIS NOTICE OF REMOVAL IS TIMELY AND PROPER

11. SIC is a citizen of Ohio and Arizona. The Plaintiffs are citizens of Florida. There is complete diversity of citizenship, and has been at all times from the date the complaint was filed through the present date. By filing this Notice of Removal, SIC consents to the removal of this case from state to federal court.

12. Where a complaint alleges that damages exceed a Florida circuit court's jurisdictional minimum of $50,000, removal is appropriate upon a showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See generally Village Square Condominium of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co*. 2009 U.S. Dist. LEXIS 115564 (M.D. Fla. Dec. 10, 2009).

13. The Plaintiffs' NOI demands $231,709.00 in damage after the deductible and their damage estimate totals $368,578.90. *See* B. Therefore, the amount in controversy exceeds $75,000 exclusive of interest and costs.

14. As the Notice of Removal was filed within thirty days of 11/8/23 and involves a controversy in excess of $75,000 and citizens of different states, removal is proper.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on the Plaintiffs' counsel, and a Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Miami-Dade County, Florida

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/ Joseph V. Manzo*
Joseph V. Manzo
Florida Bar No. 52309

1068605\315499168.v1

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on December 8, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and copies shall be served via email upon the following

Nadia Douglas, Esq.
Levin Litigation, PLLC
6100 Hollywood Blvd.,
Suite 520
Hollywood, FL 33024
Telephone: 954-678-5155
Facsimile: 954-678-5156
nadia@levinlitigation.com
service-teaam08@levinlitigation.com
*Counsel for Plaintiffs*

                                 HINSHAW & CULBERTSON LLP

                                 /s/ *Joseph V. Manzo*
                                 Joseph V. Manzo
                                 Florida Bar No. 52309
                                 2525 Ponce de Leon Blvd., 4th Floor
                                 Coral Gables, FL 33134
                                 Telephone: 305-358-7747
                                 Facsimile: 305-577-1063
                                 jmanzo@hinshawlaw.com
                                 eriesgo@hinshawlaw.com
                                 jhodges@hinshawlaw.com
                                 *Counsel for SIC*