**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.   **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Wainchui Mui, Mee Ngan Mui</u>
  Plaintiff

Case # _____
Judge  _____

vs.
<u>Scottsdale Insurance Company</u>
  Defendant

II.   **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

III.   **TYPE OF CASE**   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
        ☐ Business governance
        ☐ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐ Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☐ Other
        ☐ Antitrust/Trade regulation
        ☐ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☐ Discrimination—employment or other
        ☐ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Yitzhak Levin                                     Fla. Bar # 116901
          Attorney or party                                         (Bar # if attorney)

Yitzhak Levin                           08/28/2023
(type or print name)                       Date

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE NO.:

WAINCHUI & MEE NGAN MUI

    Plaintiff(s),

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

**COME(S) NOW**, the Plaintiff(s), **WAINCHUI & MEE NGAN MUI**, by and through the undersigned counsel, and hereby sues the Defendant, **SCOTTSDALE INSURANCE COMPANY**, for damages and in support thereof alleges as follows:

## JURISDICTION AND PARTIES

1. This is an action for damages under an insurance policy resulting from loss of property for a total of more than $50,000.00, exclusive of costs, interest and attorney's fees.

2. At all times material hereto, the Plaintiff(s) were and are a resident of the county of this Court and is otherwise *sui juris*.

3. At all times material hereto, Defendant was and is an insurance company doing and/or transacting business in the county of this Court.

4. At all times material hereto, Defendant was and is authorized by the Florida Department of Financial Services to issue property insurance policies in Florida.

**COMMON ALLEGATIONS**

5. Plaintiff(s) purchased from Defendant and maintained in full force and effect, by and through the payments of premiums, a certain homeowner's insurance policy bearing policy number CPS7438549. (the "Policy").

6. Plaintiff(s) do not have a true and complete copy of the Policy, but Defendant does have a true and correct copy of the Policy. Plaintiff(s) reserve the right to supplement this Complaint by filing a true and correct copy of the Policy upon receipt from Defendant pursuant to the discovery filed in this action.

7. Such Policy was issued by the Defendant to the Plaintiff(s) and provided insurance coverage for the Plaintiff(s)' dwelling located at 4140 E 4TH Avenue Hialeah, FL 33013 (hereinafter the "Premises").

8. Pursuant to the Policy provisions, Defendant insured, subject to certain exclusions and conditions, the Plaintiff(s)' property located at the Premises.

9. On or about 4/12/2023, water damage loss caused substantial damage to the Plaintiff(s)' property which was covered under a policy of insurance issued by the Defendant which was at the time of the loss in full force and effect (hereinafter the "Loss").

10. Plaintiff(s) timely filed a notice of the Loss to the Defendant and has otherwise performed all conditions precedent to recover under the Policy and under the applicable Florida Statutes.

11. Defendant, despite having received and processed such claim, continues to refuse to pay the full amount of Plaintiff(s)' claim.

12. The Defendant has failed to timely evaluate and pay the full amount of Policy benefits owed to the Plaintiff(s) under the terms of the Policy.

13.     The Plaintiff(s), as a result of Defendant's failure to comply with the terms of the policy have suffered damages to the Premises.

14.     Plaintiff(s) have performed all conditions precedent to filing this action and/or any and all conditions precedent have been otherwise met or waived.

15.     Plaintiff(s) have complied with all post loss obligations set forth in the insurance policy as requested by Defendant.

16.     Plaintiff(s), as a result of Defendant's refusal to honor the contractual obligations contained in the Policy, have been forced to retain the legal services of Levin Litigation, PLLC for the purposes of prosecuting the instant matter and such attorneys are entitled to a reasonable attorney's fees pursuant to §§627.70152, 627.428 and/or §626.9373, 57.041, 57.104, Florida Statutes.

## COUNT I
## BREACH OF CONTRACT

17.     Plaintiff(s) re-allege and re-assert the aforesaid Common Allegations and incorporates them herein.

18.     The Defendant's refusal to pay the full amount of the claim was contrary to the terms of the Policy and/or Florida law, and was a breach of said contract of insurance.

19.     As a direct and proximate cause of the Defendant's acts and/or omissions, Plaintiff(s) have been damaged in the amount to be determined at trial.

20.     That as a direct and proximate cause of the Defendant's refusal to pay the full amount of the Plaintiff(s)' claim, the Plaintiff(s) have been required to retain the legal services of Levin Litigation, PLLC for the purposes of prosecuting the instant matter and such attorneys are entitled to a reasonable attorney's fees pursuant to §§627.70152, 627.428 and/or §626.9373, 57.041, 57.104, Florida Statutes.

**WHEREFORE**, the Plaintiff(s) demand judgment against the Defendant, Scottsdale Insurance Company- for damages, including, but not limited to, damage to the Premises, its contents, loss of use, costs, interest as allowed by law, reasonable attorney's fees pursuant to §§627.70152, 627.428 and/or §626.9373, 57.041, 57.104, Florida Statutes, a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper.

**DATED:  August 28, 2023.**

                                      Respectfully submitted,

                                      By:  /s Nadia Douglas
                                            Nadia Douglas, Esq.
                                            Florida Bar No.: 1017075
                                            Levin Litigation, PLLC
                                            *Counsel for Plaintiff*
                                            6100 Hollywood Blvd. Suite 520
                                            Hollywood, FL 33024
                                            (954) 678-5155 - Telephone
                                            (954) 678-5156 – Facsimile
                                            nadia@levinlitigation.com E-Mail
                                            service-teaam08@levinlitigation.com - E-Service

| | |
|---|---|
| WAINCHUI & MEE NGAN MUI | CASE #: 2023-107662-CC-21<br>COURT: 11TH JUDICIAL CIRCUIT<br>COUNTY: MIAMI-DADE<br>DFS-SOP #: 23-000543297 |
| PLAINTIFF(S) | |
| VS. | |
| SCOTTSDALE INSURANCE COMPANY | |
| DEFENDANT(S) | |

_____/

SUMMONS, COMPLAINT, DISCOVERY, NOA NADIA DOUGLAS, JUDICIAL NOTICE, UNIFORM CASE MANAGEMENT ORDER

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Monday, November 6, 2023 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, November 8, 2023 to the designated agent for the named entity as shown below.

SCOTTSDALE INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

Jimmy Patronis
Chief Financial Officer

YITZHAK LEVIN
LEVIN LITIGATION, PLLC
3100 N. 29TH COURT, SUITE 100
3100 N. 29TH COURT
HOLLYWOOD, FL 33020

AJ1

IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

COUNTY CIVIL DIVISION

CASE NO.: 2023-107662-CC-21
SECTION: CG03

Wainchui Mui et al
Plaintiff(s),

vs.

Scottsdale Insurance Company
Defendant(s)

_____/

UNIFORM CASE MANAGEMENT ORDER SETTING PRETRIAL DEADLINES AND RELATED REQUIREMENTS (GENERAL PATHWAY - COUNTY CIVIL PROCEDURE CASES)

PLAINTIFF SHALL SERVE THIS ORDER UPON A DEFENDANT WITHIN 10 DAYS OF ANY FILING BY THAT DEFENDANT.

ALL PARTIES MUST READ CAREFULLY AS STRICT COMPLIANCE IS MANDATORY.

In compliance with the mandatory requirements of governing Administrative Orders regarding case management, the Court hereby ORDERS as follows:

1. Attorneys are professionally obligated to diligently litigate the case so litigation can conclude as soon as it is reasonably and justly possible. See Florida Rule of General Practice and Judicial Administration 2.545. The specific pretrial deadlines and requirements set forth herein shall be strictly enforced by the Court. Non-compliance with any part of this Order may result in sanctions including, but not limited to, striking of pleadings, monetary sanctions, waiver and/or default. It is on the parties to promptly and timely schedule hearings on filed motions.

2. The deadlines contained in this Order cannot be waived or extended by stipulation of the parties and remain in effect unless the Court grants an enlargement. A motion seeking an enlargement of a particular deadline shall specify detailed reasons for the enlargement and the amount of time requested.

3. In the event parties are unable to coordinate any non-dispositive and non-evidentiary hearing, deposition, or motion within a reasonable period of time (not less than 72 hours) and after 3 documented attempts, the moving party shall unilaterally set the issue for hearing pursuant to divisional instructions to occur no less than 14 days and no more than 45 days after the third attempt.

4. SETTLEMENT:  Counsel shall immediately notify the Court in the event of settlement and submit a Stipulation of Settlement and Order of Dismissal.  Counsel shall also notify the Court of any pending hearings that will be cancelled as a result of the settlement.

5. SERVICE: Plaintiffs shall serve their actions promptly by _____12-25-2023_____ and in compliance with Florida Rule of Civil Procedure 1.070. Service issues shall be addressed promptly and with diligence. No extensions pursuant to Florida Rule of Civil Procedure 1.070 shall be granted without specific proof of diligent effort to effect service and a written explanation of what efforts the Plaintiff intends to pursue to effect service successfully, with proposed deadlines. No extension to serve a defendant beyond _____03-25-2024_____ shall be allowed.

6. The following litigation deadlines are set:

   a. ADDITION OF ANY NEW PARTIES shall occur by _____02-23-2024_____.

   b. FACT WITNESS LIST shall be filed by _____06-23-2024_____. The fact witnesses shall be in alphabetical order and contain the names and addresses of all non-expert witnesses. Only those witnesses listed shall be permitted to testify without leave of Court. All witness lists shall include a brief description of the substance and scope of the testimony to be elicited. Within 30 days of discovering previously unknown witnesses, either party may seek leave of Court to amend their submissions, disclosures, or discovery obligations.

   c. EXHIBIT LIST shall be filed by _____06-23-2024_____. The Exhibit List shall disclose a list of all documentary and physical evidence intended to be used at trial. Each item shall be specifically described and listed by number and description. Generic descriptions of exhibits are subject to being stricken. All listed exhibits shall have been made available to opposing counsel for examination, initialing, and copying. Parties shall timely amend their exhibit list.

   d. EXPERT WITNESSES shall be disclosed by _____08-22-2024_____ with the names and addresses of all the expert witnesses to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5)(A).  This includes disclosing the expert's area of expertise and serving a copy of each expert's reports or answers to expert interrogatories, if a report was prepared and/or expert interrogatories propounded. Each party is limited to one expert per specialty.  No other expert testimony shall be permitted at trial.

   e. FACT AND EXPERT DISCOVERY, including all inspections, depositions, and examinations, shall be completed no later than _____01-18-2025_____. Written discovery shall be served no later than _____12-14-2024_____. The parties shall timely coordinate the scheduling and setting of depositions for all witnesses and/or parties they intend to depose.

   f. MOTIONS FOR SUMMARY JUDGMENT and DAUBERT MOTIONS shall be filed by _____10-21-2024_____ and heard no later than _____01-18-2025_____.

   g. OBJECTIONS TO PLEADINGS AND ALL OTHER PRETRIAL MOTIONS, except

      for motions in limine, shall be filed by \_\_\_\_\_**11-19-2024**\_\_\_\_\_ and heard no later than \_\_\_\_\_**01-18-2025**\_\_\_\_\_. Any motion not filed and heard prior to the expiration of this deadline may be deemed waived or denied absent extraordinary circumstances which could not have been prudently anticipated, or by order of the Court entered prior to the expiration of the applicable time limitation.

   h. <u>MEDIATION</u>: Parties are hereby referred to mandatory mediation, which shall be completed no later than \_\_\_\_\_**01-18-2025**\_\_\_\_\_. The parties shall comply with Florida Rules Civil Procedure 1.700, 1.710, 1.720, 1.730, and 1.750 as to the conduct of mediation. Plaintiff's counsel is appointed lead counsel to facilitate, mutually coordinate and schedule the mediation conference. Costs of mediation shall be borne equally by both parties. Failure to mediate in good faith may result in the imposition of monetary sanctions.

7. <u>TRIAL</u>: The projected date of trial is \_\_\_\_\_**02-17-2025**\_\_\_\_\_. A firm trial date will be ordered by the Court when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440. The parties shall do all things reasonable and necessary to assure the availability of their witnesses for the entire trial period or to otherwise preserve their testimony for trial as provided by the Florida Rules of Civil Procedure. Failure to do so will not be grounds for a continuance.

8. <u>JOINT PRETRIAL STIPULATION</u>: A Joint Pretrial Stipulation shall be filed by all parties (via counsel of record) no later than \_\_\_\_\_**01-18-2025**\_\_\_\_\_. All parties shall cooperate in good faith in preparation of the Joint Pretrial Stipulation. Unilateral pretrial stipulations will not be accepted. The single, unified submission shall contain the following information in separately numbered paragraphs or sections:

   a. <u>Stipulated Statement of Facts</u>: A list of those facts that can be stipulated to and require no proof at the trial, together with a concise, impartial statement of the facts of the case.

   b. <u>Statements of Disputed Law & Fact</u>: Those issues of law and fact that are to be tried.

   c. <u>Witness Lists</u>: Parties shall attach the witness lists filed consistent with Paragraph 6b. and 6d. of this Order, including all rebuttal or impeachment witnesses. If any party objects to any witness, such objections shall be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties shall be strictly limited to witnesses properly and timely disclosed.

   d. <u>Exhibit Lists</u>: Counsel shall initial each other party's exhibit list and exhibits consistent with Paragraph 6c. of this Order. If any party objects to the introduction of any such exhibit, such objection shall be stated in the Stipulation, setting forth the grounds with specificity. Parties shall attach the final, initialed exhibit lists with objections. Only those exhibits listed and initialed may be offered in evidence.

   e. <u>Jury Instructions</u>: If the trial is a jury trial, counsel shall identify and attach all agreed upon standard instructions and all special instructions. Any disputed jury instructions shall be attached and identified as to the party that proposed the instruction, along with copies of supporting case law.

f. <u>Verdict Forms</u>:  If the trial is a jury trial, the proposed jury verdict forms shall be attached and designated as agreed to or disputed.

g. <u>Motions in Limine</u>:  Each party shall make any anticipated motion(s) in limine indicating all stipulations/agreed items and any motion(s) in limine requiring a Court ruling.

h. <u>Trial Estimate</u>:  Each party shall provide an estimate of the number of days for trial.

i. <u>Daubert issues</u>:  All Daubert issues involving any requests for Daubert-related evidence shall be in writing. Failure to do so shall constitute a waiver of any Daubert-related evidence issue.

j. <u>Other issues</u>: The parties shall list any other issue that could potentially take up unnecessary time during the trial to facilitate the resolution of those matters prior to the trial date.

**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this **3rd day of September, 2023**  .

2023-107662-CC-21 09-03-2023 11:47 PM

2023-107662-CC-21 09-03-2023 11:47 PM
**Patricia Marino Pedraza**
COUNTY COURT JUDGE

Copies Furnished to:
Electronically Served

Yitzhak Levin, ylevin@levinlitigation.com
Yitzhak Levin, service@levinlitigation.com

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN
AND FOR MIAMI DADE FLORIDA

CASE NO:

WAINCHUI & MEE NGAN MUI

    Plaintiff(s),

v.

SCOTTSDALE INSURANCE COMPANY
    Defendant.
_____/

## NOTICE OF APPEARANCE, CHANGE OF FIRM ADDRESS AND DESIGNATION OF E-MAIL

PLEASE NOTE the appearance of NADIA DOUGLAS Esquire, as counsel for the Plaintiff's in the above-styled cause, and requests that any and all pleadings or other matters pertaining to this cause be directed to him on behalf of the said Plaintiffs at the designated email address below. Furthermore, please note the new firm address as noted in the undersigned signature.

Primary: service@levinlitigation.com
Service: service-team08@levinlitigation.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been sent via e-Portal to on August 28, 2023.

Respectfully submitted,

/*Nadia Douglas*
Nadia Douglas Esq.
Florida Bar No: 1017075
**Levin Litigation, PLLC**
*Counsel for Plaintiff*
6100 Hollywood Blvd. Suite 520
Hollywood, FL 33024

T: (954) 678-5155
F: (954) 678-5156
Correspondence: nadia@levinlitigation.com
Service: service-team08@levinlitigation.com

IN THE COUNTY COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

WAINCHUI and MEE NGAN MUI,

    Plaintiffs,

v.

CASE NO. 2023-107662-CC-21

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## SIC'S MOTION FOR EXTENSION OF TIME

The Defendant, Scottsdale Insurance Company ("SIC"), moves pursuant to Fla. R. of Civ. P. 1.090(b)(1) for an extension the time to respond to the Plaintiff's complaint and initial discovery, and as grounds states:

SIC retained its underlying counsel recently to represent it in this case, and is in the process of obtaining documents necessary for counsel to properly respond to the complaint on its behalf. SIC therefore requires additional time to respond, and requests a 20-day extension. This request is made in good faith, is not intended to delay these proceedings, and the Plaintiff's will not be prejudiced by the granting of this motion. SIC will attempt to resolve the motion prior to bringing it before the Court for hearing.

WHEREFORE, SIC requests that the Court enter an Order granting a 30-day extension of time for SIC to respond to the complaint and initial discovery.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 28, 2023, a true and correct copy of the foregoing was E-Filed via Florida Courts eFiling Portal and sent automatically to all counsel of record:

HINSHAW & CULBERTSON LLP

*/s/ Joseph V. Manzo*
Joseph V. Manzo, Esq.
Florida Bar No. 52309
2525 Ponce de Leon Blvd.
Fourth Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
jmanzo@hinshawlaw.com
eriesgo@hinshawlaw.com
jhodges@hinshawlaw.com
*Attorneys for Scottsdale Insurance Company*